UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor M. Kern,                              Court File No. 15-cv-3008 (JRT/LIB)

        Plaintiff,

v.                                     **REPORT AND RECOMMENDATION**

Dept. of Justice,

        Defendant.

This matter comes before the undersigned United States Magistrate Judge upon Plaintiff Victor Kern's ("Plaintiff") Motion to Transfer/Change Venue, Motion to Except [sic] Service by Certified Mail/ Motion to Incur Fees, [Docket No. 3]. On August 12, 2015, pursuant to 28 U.S.C. § 636(b)(1)(B), Plaintiff's Motion to Transfer/Change Venue, Motion to Except [sic] Service by Certified Mail/ Motion to Incur Fees, [Docket No. 3], was referred to the undersigned Magistrate Judge by Chief Judge John R. Tunheim. (Order of Reference [Docket No. 4]).

For the reasons discussed herein, it is recommended that the Plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction, and, as such, his Motion to Transfer/Change Venue, Motion to Except [sic] Service by Certified Mail/ Motion to Incur Fees, [Docket No. 3], likewise be **DISMISSED as moot**.

I.     BACKGROUND

Plaintiff, acting pro se, filed the present action on July 8, 2015, against the "Dept. of Justice" ("Defendant"). Service of process has <u>not</u> been affected. On August 3, 2015, Plaintiff filed the present Motion. (Motion to Transfer/Change Venue, Motion to Except [sic] Service by Certified Mail/ Motion to Incur Fees [Docket No. 3]). The Court took the Plaintiff's motion

under advisement on the written submission of the Plaintiff as of October 1, 2015. (Text Order [Docket No. 6]).

## II. STANDARD OF REVIEW

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikcon v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). However, "[a]lthough pro se pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir.1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, it is a tenet of our Federal Court system that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir.1991) (emphasis added). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte.*" Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971) (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (emphasis added).

Federal sovereign immunity operates to deprive a Court of subject matter jurisdiction. Stackhouse v. United States, No. CIV. 09-839 PJS/JSM, 2011 WL 820885, at *6 (D. Minn. Feb. 11, 2011) report and recommendation adopted, No. Civ. 09-839 PJS JSM, 2011 WL 778969 (D.

Minn. Mar. 1, 2011) (citing Cooke v. Stanton, Civil File No. 08–1175 (MJD/JJK), 2009 WL 424537 at * 4 (D. Minn. Feb. 18, 2009)). It is well established that absent consent, the United States cannot be sued. As a sovereign power, the United States may be sued only to the extent that it has consented to suit by statute. Poor Richard's, Inc. v. U.S. Dep't of Agric., No. Civ. 97-700(JRT/RLE), 1998 WL 315380, at *2 (D. Minn. Feb. 15, 1998); United States Dep't of Energy v. Ohio, 503 U.S. 607, 615, 112 S. Ct. 1627 (1992); United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349 (1980).

It is the Plaintiff's burden to establish that subject matter jurisdiction exists. Osborn v. United States, 918 F.2d 724, 730 (8th Cir.1990). In establishing whether subject matter jurisdiction exists in the present case, the elemental issue is whether Plaintiff's claims are barred by the doctrine of sovereign immunity. See Taylor v. Rice, Civ. No. 10–4746 (SRN/JJG), 2012 WL 246014, at *3 (D. Minn. Jan. 6, 2012).

**III. RELEVANT FACTS**

As Plaintiff is proceeding pro se, his Complaint is to be construed as liberally as possible. However, even with this liberal construction Plaintiff's complaint is difficult at best to comprehend.[1]

For instance, Plaintiff's claim is brought against the "Dept. of Justice," but Plaintiff does not individually name any employee of the Department of Justice and only cursorily mentions the Department of Justice in his Complaint.[2] (Compl., [Docket No. 1], at 6–9).[3] In his

---

[1] As best the Court can determine, Plaintiff's Complaint consist of pages 1 through 9 of the document he filed as his Complaint. The remainder of the pages appear to be all of the filings from various other court proceedings undertaken by Plaintiff. Those pages do not appear to have any relevance to this proceeding, and, therefore, they are not considered as part of Plaintiff's Complaint.

[2] Plaintiff does, in the last paragraph of his Complaint, mention "Wadena and Ottertail" in reference to returning a camper, but it bears no reference to the Department of Justice or this action.

[3] Pinpoint citations to the Complaint and its exhibits will refer to the docketed page number and not the number of each paragraph because the numbers of the paragraphs repeat themselves and would offer no helpful citation.

Complaint, Plaintiff states that, "[a]s this trailer camper, has disappeared, by the Sheriff's Dept [sic] again, and I had to wait until its return awaiting a North Dakota judges [sic] decision, on a Non liberal course of action, I am forced to file against the department of Justice." (Compl., [Docket No. 1], at 7). Other than the caption, this is the only mention of the Department of Justice in Plaintiff's Complaint.

Additionally, Plaintiff indicated on his Civil Cover Sheet that this is a "Racketeer Influences and Corrupt Organizations" (RICO) case, (Civil Cover Sheet [Docket No. 1-2]); however, Plaintiff's only indication in his Complaint that this is a RICO case is that "this would be considered organized crime, hampering the right to protest, and it is clear the key is to be sent also." (Compl., [Docket No. 1], at 8). Plaintiff offers no indication as to what he is describing when he makes the foregoing reference to "this." (See Id.). Much of the Complaint seems to be randomly listed "facts" or incidents without any connective relevance or coherency such as the last clause of the previous quote.

Plaintiff does allege he purchased a camper that was taken, returned, and then taking again upon entering Minnesota along with a "copyright bumper sticker." (Id. at 6–8). In addition to the theft of the camper, Plaintiff alleges the "theft of backhoe, hobert, trailer, grapple fork and camper." (Id. at 7). Plaintiff also alleges this was all the work of a Sherriff's Department, but does not name a specific Sheriff's Department.[4]

---

[4] These references to multiple defendants are likely born from Plaintiff copying from his other documents used in other court proceedings. It is clear from Plaintiff's Complaint, that the Complaint is an amalgamation of pleadings and objections from Plaintiff's various other proceedings before the Court in the past. See (Compl., [Docket No. 1], at 10–29); Kern v. Star Bank, No. 3:15-CV-15, 2015 WL 3521190 (D.N.D. June 4, 2015); Kern v. Balland, No. Civ. 11-2467 RHK/LIB, 2011 WL 4436143 (D. Minn. Sept. 22, 2011); Victor M. Kern Const. Co. v. Carr, No. Civ. 11-124 MJD/LIB, 2011 WL 2601796 (D. Minn. July 1, 2011); Kern v. Minnesota, No. Civ. 10-845 MJD/JSM, 2010 WL 2606686 (D. Minn. June 21, 2010). This is especially clear in the section of Plaintiff's Complaint entitled "U.S. Jude [sic] Alice R Senachal [sic] US District Court N. Dakota R/E Objection on Dismissal" which is a reference to Plaintiff's objections to a previous Report and Recommendation in North Dakota. (Compl., [Docket No. 1], at 14). However, as previously stated, these other documents are not relevant to the Complaint now before this Court.

Plaintiff also makes reference to a jury trial he was denied. (Id. at 2). It seems this jury trial stems from an incident in Crow County. (Id.). Plaintiff states he was "pulled over in Crow Wing County on a 1999 Buick Regal for failure to transfer the title, apparently in retaliation for a bumper sticker with copyright which read 'if you really had the courage to stop a crime and were not arrested your government is way more sophisticated than ours' owned by [Plaintiff]." (Id. at 6). It appears Plaintiff is possibly attempting to allege that he owned the copyright to that bumper sticker and the government has, now, somehow, deprived him of that copyright.

The relief Plaintiff seeks by his Complaint is also unclear. Again, there is no reference to the United States Department of Justice. In his Complaint, Plaintiff asks for "Ottertail" to reimburse Plaintiff for camper usage and to "return camper with title card," but he does not make clear in the Complaint how the camper was taken or why it was taken. (Compl., [Docket No. 1], at 7–9). On the Civil Cover Sheet, Plaintiff did list a demand for "$10,000,000.00," plus all "copyright" and "Patent Proceeds." (Civil Cover Sheet [Docket No. 1-2]).

The remainder of Plaintiff's complaint is either completely unrelated to the present claim before this Court or completely incomprehensible.

IV. **SUBJECT MATTER JURISDICTION DOES NOT EXIST IN THE PRESENT CASE**

Issues of sovereign immunity concern this Court's subject matter jurisdiction, which must be addressed before reaching the merits of any putative claim by Plaintiff. See Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir.1991) (noting that subject-matter jurisdiction is a threshold requirement); Taylor, 2012 WL 246014, at *3 (noting that sovereign immunity is jurisdictional in nature).

Federal Courts have limited jurisdiction and may only hear matters which fall within the jurisdiction of the Federal Courts. Marine Equipment Management Co. v. United States, 4 F.3d

5

643, 646 (8th Cir. 1993) ("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). This creates in the Federal Courts a self-imposed duty to inquire whether the prerequisite of subject matter jurisdiction has been satisfied in every case before them. Poor Richard's, Inc., 1998 WL 315380, at *2.

It is of no consequence that Plaintiff's present motion, [Docket No. 3], does not reference the Court's jurisdiction over the case. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." Gonzalez v. Thaler, 132 S. Ct. 641, 649 (2012) (citing United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781 (2002)). Subject matter can never be waived or forfeited and can be addressed at any time. See Gonzalez, 132 S. Ct. at 649.

The fact that no defendant has raised a defense of subject matter jurisdiction, or that the named Defendant has not been served is also of no consequence. While Courts do not generally raise arguments on their own, a federal court has an "independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdiction questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202 (2011) (emphasis added). In furtherance of this duty, subject matter jurisdiction "may be raised at any time." Id. As such, this Court may address the issue of subject matter jurisdiction at any time including before the Defendant has received service of process.

As noted above, Plaintiff does not individually name any employee of the Department of Justice, and other than his caption, he only cursorily mentions the Department of Justice once in

his Complaint.[5] (Compl., [Docket No. 1], at 6–9). This singular mention of the Department of Justice in Plaintiff's Complaint, given that there is no individual named in the Complaint, means that Plaintiff's claim can only be construed as a claim directly against an agency of the United States; namely the Department of Justice.[6]

The Department of Justice is an agency of the United States which is protected from suit under sovereign immunity. See Young v. United States, No. 5:14-CV-62-OC-29PRL, 2014 WL 5320545, at *2 (M.D. Fla. Oct. 17, 2014); Arafat v. U.S. Dep't of Justice, No. CIV. 12-3189 ADM/FLN, 2013 WL 5964459, at *2 (D. Minn. Nov. 8, 2013); Wishard v. Dep't of Justice, No. 00-5074, 2000 WL 1093076, at *1 (D.C. Cir. June 13, 2000); Watt v. U.S. Dep't of Justice F.B.I, FBI No. 238137h Criminal Justice Info. Servs. Div., No. 07-2231 DSDSRN, 2007 WL 1847213, at *1 (D. Minn. June 25, 2007); Ford v. Dep't of Justice, 187 F.3d 635 (6th Cir. 1999); Deutsch v. Dep't of Justice, 93 F.3d 986 (D.C. Cir. 1996); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), ("[t]he United States and its agencies are not proper defendants because of sovereign immunity").

Plaintiff has not demonstrated anywhere either in his Complaint or his present motion that Congress has waived immunity for the claims Plaintiff is attempting to assert against the Department of Justice. Plaintiff has not cited to or referenced—nor is the Court independently aware of—any express Congressional authorization for the type of claims Plaintiff is attempting to asset here. The Court can find no reference in the Plaintiff's Complaint to any type of claim

---

[5] In his Complaint, Plaintiff states that, "[a]s this trailer camper, has disappeared, by the Sheriff's Dept [sic] again, and I had to wait until its return awaiting a North Dakota judges [sic] decision, on a Non liberal course of action, I am forced to file against the department of Justice." (Compl., [Docket No. 1], at 7). Plaintiff also, in the last paragraph of his Complaint, mentions "Wadena and Ottertail" in reference to returning a camper, but it bears no reference to the Department of Justice or this action.

[6] It is apparent from Plaintiff Civil Cover Sheet that this was Plaintiff intention, as he wrote "USA Dept. of Justice." (See Civil Cover Sheet [Docket No. 1-2]).

that would lead to statutory waiver. Thus, the Court finds that Defendant is protected from suit by sovereign immunity.

As the only named Defendant in the Plaintiff's Complaint is protected by sovereign immunity, the Court lacks subject matter jurisdiction to entertain Plaintiff's claims. A case <u>must</u> be dismissed for lack of subject matter jurisdiction, if the claims are barred by sovereign immunity. See <u>Taylor</u>, 2012 WL 246014.

Therefore, the Court recommends **DISMISSING** Plaintiff's Complaint, [Docket No. 1], for lack of subject matter jurisdiction and, consequently, it also recommends **DISMISSING as moot** Plaintiff's Motion to Transfer/Change Venue, Motion to Except [sic] Service by Certified Mail/ Motion to Incur Fees, [Docket No. 3].

V.   **CONCLUSION**

Based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that**:**

1. Defendant's action be **DISMISSED** for lack of subject matter jurisdiction; and
2. Defendant's Motion to Transfer/Change Venue, Motion to Except [sic] Service by Certified Mail/ Motion to Incur Fees, [Docket No. 3], be **DISMISSED** as **moot**.


Dated: October 27, 2015                s/Leo I. Brisbois
                                        Leo I. Brisbois
                                        U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.